

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,384 & AP-76,385

### EX PARTE JAMES RICHMOND BARLEY, JR., Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. 50119 & 50120 IN THE 268TH DISTRICT COURT FROM FORT BEND COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of indecency with a child and sentenced to twenty years' imprisonment on each count. The Fourteenth Court of Appeals dismissed his appeal in cause number 50120. *Barley v. State*, No. 14-09-00352-CR (Tex. App.–Houston [14th Dist.] 2009, no pet.).

Applicant contends that his trial counsel rendered ineffective assistance because he failed, among other things, to file timely notices of appeal. The trial court found that trial and appellate

counsel failed to file timely notices of appeal. It recommended that we grant Applicant out-of-time appeals. We agree with the trial court's recommendation. But we have repeatedly held that trial rather than appellate counsel is responsible for ensuring that written notice of appeal is filed with the trial court. *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003); *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). Based on our own independent review of the record, we find that trial counsel failed to file timely notices of appeal. Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in cause numbers 50119 and 50120 from the 268th Judicial District Court of Fort Bend County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 25, 2010
Do Not Publish